## Schmetzer v. Cain

Before McNaugher, O'Toole and Adams, JJ.

*A. H. Rosenberg*, for plaintiff.

*John D. Stedeford*, for defendant.

ADAMS, J., December 20, 1947.—These are motions for new trials in two trespass actions for property damage to the two automobiles involved in a collision. The automobile of Robert E. McCreary was driven by Robert Cain. The automobile of Frank T. Schmetzer was driven by Francis T. Schmetzer. McCreary brought

his action (no. 140, October term, 1946) against Francis T. Schmetzer. Frank T. Schmetzer brought his action (no. 1146, October term, 1946) against Robert Cain, who brought Francis T. Schmetzer on the record as an additional defendant. The cases were tried together.

In the action in which McCreary was plaintiff, the verdict was for defendant. In the action in which Frank T. Schmetzer was plaintiff, the verdict was for plaintiff against Cain, original defendant, for $453, and for Francis T. Schmetzer, additional defendant. The motions for new trial were filed by McCreary in the first case and by Cain in the second case.

All pleadings described the collision as occurring at a curve in the highway, which the two cars approached from opposite directions. The driver and owner of each car averred that the driver of the other car crossed the centerline and thus caused the collision. The case was fully tried on this issue. The verdicts might have been sustainable if it were not for the admission of certain evidence, which was intended to show that Cain was under the influence of liquor.

There were no averments in the pleadings that Cain was under the influence of liquor or that his driving was affected in any way by intoxication. But testimony of the Schmetzers and their witnesses was received to show that several hours after the collision McCreary's car was inspected by the witnesses at the garage where it had been taken. Each of the four witnesses stated that the car doors were locked. They testified that a bottle of whiskey, partly filled, was on the seat. This testimony was not inadvertently introduced. It came from every witness called by the Schmetzers.

In our opinion, it was error to admit this evidence which was prejudicial and probably had great influence on the jury. The ends of justice will best be served if a new trial is had in both cases.